UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY L. SETTLE,

    Petitioner,

v.                                                        CASE NO. 6:14-cv-935-Orl-37KRS
                                                        (6:93-cr-12-Orl-19)

WARDEN, USP BEAUMONT,

    Respondent.
_____

## **ORDER**

Petitioner filed a document entitled "Petition for Extraordinary Relief", which he notes is filed pursuant to 28 U.S.C. § 1651, 28 U.S.C. § 2241, or any other statutory provision applicable. (Doc. No. 1.) The pleading challenges the validity of Petitioner's federal sentence. *Id.* Petitioner admits that he has previously filed actions pursuant to 28 U.S.C. §§ 2255 and 2241. *Id.* at 3; *see also* Criminal Case 6:93-cr-12-Orl-19, Doc. No. 136 (order denying Petitioner's 28 U.S.C. § 2255 motion and dismissing case with prejudice).

To the extent Petitioner is proceeding under 28 U.S.C. § 1651, he is not entitled to relief. "In criminal matters, '[f]ederal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a).'" *Bonadonna v. Unknown Defendant*, Case No. 05-15058, 2006 WL 1374470, *2 n.2 (11th Cir. 2006) (*quoting United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000)). As explained by the Eleventh Circuit,

> A writ of error *coram nobis* is available to vacate a conviction after the petitioner has served his sentence. *United States v. Peter,* 310 F.3d

> 709, 712 (11th Cir. 2002). "The bar for coram nobis relief is high. First, the writ is appropriate only when there is and was no other available avenue of relief." *Alikhani v. United States,* 200 F.3d 732, 734 (11th Cir. 2000). The error must relate to a "matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular or invalid." *Id.*

*United States v. Triplett*, 551 F. App'x 472, 474 (11th Cir. 2013).

Review of Petitioner's motion establishes that he is still in custody. Furthermore, Petitioner previously filed a § 2255 motion and § 2241 petition in which he either could have challenged, or did challenge, his sentence. Additionally, as discussed *infra*, Petitioner may seek leave to file a successive 28 U.S.C. § 2255 motion with Eleventh Circuit Court of Appeals if he so chooses. Finally, the purported sentencing error about which Petitioner complains did not render his trial or sentencing hearing irregular or invalid. Consequently, the Court concludes that Petitioner may not proceed under 28 U.S.C. § 1651.

Likewise, this Court may not consider a successive motion under 28 U.S.C. § 2255 absent authorization from the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244 and 2255. Therefore, Petitioner may not proceed in this case under § 2255.[1]

---

[1] Although Petitioner may not proceed in this Court under § 2255 without authorization from the Eleventh Circuit, he should be aware that § 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive § 2255 motion. Furthermore, 28 U.S.C. § 2255 also imposes a time limitation on the filing of a section 2255 motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of these provisions.

Petitioner may proceed under 28 U.S.C. § 2241 in limited circumstances. However, such actions are properly filed in the district court that has territorial jurisdiction over Petitioner's custodian. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973); *Wright v. United States Bd. of Parole*, 557 F.2d 74 (6th Cir. 1977). Petitioner is incarcerated in Beaumont, Texas, which is located in the United States District Court for the Eastern District of Texas. Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. This case is **transferred** to the United States District Court for the Eastern District of Texas.

2. The Clerk of the Court is directed to send Petitioner an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence 28 U.S.C. § 2255 By a Prisoner in Federal Custody" form.

**DONE AND ORDERED** in Orlando, Florida, this 19th day of June, 2014.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1 6/19
Gary L. Settle